FILED
SEP 24 2014
DAVID CREWS, CLERK
BY_____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:14CR109

TONY LEE TATE

16 U.S.C. § 470ee
18 U.S.C. § 1361

## INDICTMENT

The Grand Jury Charges that:

### COUNT ONE

On one or more occasions between October 2011 and November 2011, in the Northern District of Mississippi, TONY LEE TATE, defendant, aided and abetted by others known and unknown to the Grand Jury, did knowingly and unlawfully attempt to excavate, remove, damage, and otherwise alter and deface archaeological resources located on designated historic public lands without having a permit to do so, and attempt to do the same, wherein the cost of restoration and repair plus the commercial value of the resources is greater than $500.00, in violation of Title 16, United States Code, Section 470ee(a).

### COUNT TWO

On one or more occasions between October 2011 and November 2011, in the Northern District of Mississippi, TONY LEE TATE, defendant, aided and abetted by others known and unknown to the Grand Jury, did willfully injure and commit depredation against property of the United States, or any department or agency thereof, wherein the damage inflicted by the defendants exceeded the sum of $1000.00, in that the defendant probed, dug, and caused irreparable injury to an Indian burial mound located on United States Corps of Engineer property

in Monroe County, Mississippi, adjacent to the Tennessee-Tombigbee Waterway, in violation of Title 18, United States Code, Section 1361.

## COUNT THREE

On or about an unknown date, but between January 2012 and March 2012, in the Northern District of Mississippi, TONY LEE TATE, defendant, did knowingly and unlawfully purchase, exchange, transport, and receive and did offer to purchase and exchange one or more archaeological resources that had been excavated and removed from public land in violation of the provisions of Title 16, United States Code, Section 470ee(a), wherein the commercial and archaeological value of the archaeological resources involved and the cost of restoration and repair of such resources exceeds the sum of $500, all in violation of Title 16, United States Code, Section 470ee(b).

## FORFEITURE NOTICE

The allegations contained in Counts One through Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 16, United States Code, Section 470gg(b) and Title 28, United States Code, Section 2461(c).

Upon conviction of one or more of the offenses in violation of 16 U.S.C. § 470ee set forth in Counts One and Three of this Indictment, defendant TONY LEE TATE shall forfeit to the United States pursuant to 16 U.S.C. § 470gg(b) and 28 U.S.C. § 2461(c) all archaeological resources obtained or removed from the land by the defendants or other co-conspirators in violation of the aforesaid statutes and any articles, devices, and other things possessed or used in violation of 16 U.S.C. § 470ee.

If any of the forfeitable property described above, as a result of any act or omission of the defendant(s):

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), incorporated by 28 U.S.C. § 2461(c).

All pursuant to 16 U.S.C. § 470gg(b) and 28 U.S.C. § 2461(c).

A TRUE BILL

*Felix C. Ced*            /s/ Signature Redacted
UNITED STATES ATTORNEY      FOREPERSON